**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MIGUEL ADRIAN ADAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-CV-0069-CVE-FHM |
| ) | |
| **GLENDA McCLARY, CCM II;** ) | |
| **DICK CONNER CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action filed by Plaintiff, a state inmate appearing *pro se*. In a previous order (Dkt. # 4), the Court determined that Defendant Dick Conner Correctional Center ("DCCC") is not a separate suable entity and, for that reason, dismissed that defendant from this action. In response to the complaint, Defendant McClary filed a motion to dismiss/motion for summary judgment (Dkt. ## 17 and 18). In addition, the Oklahoma Department of Corrections prepared a Special Report (Dkt. # 16) as directed by the Court. Plaintiff filed a response to the Special Report (Dkt. # 19) and a response to the motion to dismiss/motion for summary judgment (Dkt. # 23). For the reasons discussed below, the Court finds Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies should be granted. Defendants' motion to dismiss should be declared moot.

### *BACKGROUND*

The events giving rise to Plaintiff's claims occurred at DCCC, located in Hominy, Oklahoma. Plaintiff is no longer incarcerated at that facility. In his complaint (Dkt. # 1), Plaintiff writes in the "Nature of Case" section of the complaint that his Case Manager, Defendant McClary,

had failed to return his legal work to him and that he as a result, he "miss[ed] his deadline." Based on those facts, Plaintiff identifies one (1) claim, as follows:

> Count I: Plaintiff's constitutional rights and privileges has [sic] been violated. Inmate's rights to his legal material has been violated.

(Dkt. # 1). In support of his claim, Plaintiff alleges that from December 1, 2008, through February 6, 2009, Defendant McClary failed to bring him his legal work even after he submitted "numerous" requests to staff and after he filed a grievance against Defendant McClary. See id. Plaintiff states that Chief Hood answered the grievance. He further states that he sent requests to staff to "Unit Manager Steve Moles, Unit Counselor Steve Copelane, Warden Greg Province, Deputy Warden Harvonic, Head Unit Manager Ron Colover, and Property Room where he didn't receive a response." Id. He goes on to state that he "also sent a request to staff to Chief Hood and Law Clerk Mark Bears these are the only ones who answered the Plaintiff's request." Id. In his request for relief, Plaintiff indicates he "would like to sue both defendants for $250,000 a piece." Id.

In a supplement (Dkt. # 2) filed along with his complaint, Plaintiff explains that he missed a filing deadline of December 10, 2008, because Defendant McClary failed to bring him his legal work. Thus, he claims Defendant McClary violated his rights "to have access to the law library and law work." See Dkt. # 2. He also restates his efforts to exhaust administrative remedies. Id. Those efforts include asking correctional officers to call Defendant McClary, sending a request to staff to Defendant McClary, sending requests to staff to other correctional officials, and submitting a grievance concerning his efforts to have his legal paperwork returned to him. Id. Plaintiff indicates that in response to the grievance, Chief Hood talked to him and told him he would have Defendant McClary bring him his legal work. Id. Plaintiff claims that Defendant McClary returned some but

not all of his legal work. In an effort to effect the return of all of his legal work, Plaintiff states that he "filed another grievance on the Defendant on 1-30-09." Id.

As indicated above, by Order filed February 13, 2009 (Dkt. # 4), the Court dismissed Plaintiff's claim of denial of access to courts against Defendant DCCC. On March 12, 2009, the Court directed service of the complaint as to Plaintiff's claim against Defendant McClary. See Dkt. # 9. In response to that claim, Defendant filed a motion to dismiss/motion for summary judgment (Dkt. # 18) asserting that (1) Plaintiff failed to exhaust his administrative remedies, (2) Plaintiff failed to state a claim for denial of access to the courts, and (3) Defendant McClary in her official capacity is immune from a suit for damages. The Oklahoma Department of Corrections filed a Special Report (Dkt. # 16). Plaintiff filed a response (Dkt. # 23) to Defendant's dispositive motion, and a response (Dkt. # 19) to the Special Report.

## *ANALYSIS*

### A. Summary judgment standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon,

935 F.2d 1106, 1111 (10th Cir. 1991). However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. <u>Hall</u>, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. <u>Id.</u> Conclusory or self-serving affidavits are not sufficient. <u>Id.</u> If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See <u>Anderson</u>, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized Special Report prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. <u>See</u> <u>Hall</u>, 935 F.2d at 1109. The Court may treat the Special Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the plaintiff has presented conflicting evidence. <u>Id.</u> at 1111. The plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. <u>Id.</u> The Court must also construe a plaintiff's *pro se* pleadings liberally for purposes of summary judgment. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 249.

**B. Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

4

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n.6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Ngo, 548 U.S. at 90-91. As a result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 93. An inmate's failure to exhaust administrative remedies under the PLRA is an affirmative defense and the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199 (2007) (abrogating Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003)). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

**C. Defendant is entitled to judgment as a matter of law on the issue of exhaustion**

The Court finds that in this case, the evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to whether Plaintiff satisfied the exhaustion requirement of the PLRA prior to filing his complaint. The Department of Corrections ("DOC") grievance procedure, see Dkt. # 16, attachment 7 ("Inmate/Offender Grievance Process" (OP-090124)), requires an inmate to (1) attempt informal resolution by submitting a request to staff; (2) submit a formal grievance, with a copy of the request to staff attached, to the facility head; and (3) appeal the facility head's grievance response to the Administrative Review Authority ("ARA"). The inmate must comply with the time frames imposed under OP-090124 for each step of the grievance procedure. A "request to staff" must be submitted within 7 days of the alleged incident to be timely. See id. The inmate must submit a grievance within 15 calendar days of the incident or the date of the response to the request to staff, whichever is later. Id. The facility reviewing authority is required to respond to the grievance within 15 working days of receipt of the grievance. Id. If dissatisfied with the response by the facility reviewing authority, the inmate may then appeal to the ARA within 15 calendar days of receipt of the reviewing authority's response. Id. The ruling of the ARA is final and concludes the internal administrative remedy available to the inmate/offender within DOC's jurisdiction. Id.

Plaintiff's claim in this case falls squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when his claim arose. Cf. Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's incarceration are unrelated to prison confinement."). In support of her dispositive motion, Defendant presents evidence indicating that Plaintiff failed to

6

exhaust his administrative remedies in accordance with DOC's grievance policy which provides that a claim has not been exhausted until the prisoner properly and timely completes the grievance process, including the filing of an appeal to the ARA and that authority issues a response to the appeal. See Dkt. # 16, Attachment 7. Evidence provided by Defendant demonstrates that although Plaintiff submitted a request to staff to Defendant McClary, see Dkt. # 16, Attachment 8, nothing in the record indicates he ever properly filed a grievance, with an answered request to staff attached, or a grievance appeal to the ARA concerning his claim of denial of access to courts. See Dkt. # 16, Attachment 2 (Grievance Response to grievance no. DCCC-09-05, indicating that Plaintiff failed to attach an answered request to staff to his grievance thereby failing to follow proper grievance procedures).

In response to Defendants' motion and to the Special Report, Plaintiff simply alleges that he has exhausted administrative remedies by submitting numerous requests to staff and a grievance.[1] See Dkt. ## 19, 23. He makes no attempt, however, to controvert Defendant's evidence concerning his failure to follow DOC procedures in submitting his grievance, nor does he allege that he pursued a grievance appeal to the ARA. See id. As stated above, prisoners are required by the terms of the PLRA to exhaust administrative remedies before filing a 42 U.S.C. § 1983 civil rights complaint in federal court. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199 (2007). Even if Plaintiff submitted numerous requests to staff, he has failed to controvert Defendant's summary judgment evidence indicating that he did not complete the grievance process and did not, therefore, exhaust administrative remedies prior to filing this action as required by the PLRA. Ngo, 548 U.S. at 93.

---

[1] The Court notes that there is no request to staff by Plaintiff in the record. According to Al Blair, the Warden's Assistant at DCCC, the facility's records contained only one (1) grievance (DCCC-09-05) and no requests to staff. See Dkt. # 16, Affidavit of Al Blair at page 10.

Therefore, Plaintiff's claim that he was denied access to the courts, as alleged in the complaint, must be dismissed.

In summary, upon review of the record, the Court finds that nothing provided by Plaintiff controverts Defendant's summary judgment evidence indicating that Plaintiff failed to follow DOC procedures for exhausting available administrative remedies for the claim raised in the complaint. The evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to the exhaustion issue. Therefore, the Court concludes Defendant is entitled to judgment as a matter of law and her motion for summary judgment shall be granted. Plaintiff's claim as asserted in the complaint shall be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). The motion to dismiss shall be declared moot. A separate judgment shall be entered for Defendants.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment (Dkt. # 18) is **granted**.
2. Defendant's motion to dismiss (Dkt. # 17) is **declared moot**
3. Plaintiff's claim, that he was denied access to courts, is **dismissed without prejudice** for failure to exhaust administrative remedies.
4. This is a final Order. A separate Judgment shall be entered in favor of Defendants.

**DATED** this 21st day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT